Brooks v. Gibson.

GEORGE BROOKS v. J. Y. GIBSON et al.

CHANCERY PLEADINGS AND PRACTICE. *Bill to set aside fraudulent convey-ance. Lien from filing bill. Attachment.* A creditor filing a bill under sec. 4288 *et seq.* of the Code, in which the property is described which he seeks to subject to his debt, has a prior right to the satisfaction of his debt to a creditor who afterwards files a bill and has an *attachment issued* and *levied* upon the property. A lien is acquired from the filing of the bill, and the same is good without an attachment, not only against the fraudulent vendor and vendee, but against creditors.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

HEISKELL & HEISKELL for complainant.

L. W. FINLAY for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In September, 1860, Hezekiah Cobb filed his bill in the chancery court at Memphis, under sec. 4288 *et seq.* of the Code, against J. Y. Gibson and his wife, Rebecca, alleging that he was a creditor of said J. Y. Gibson, and that he had conveyed to his wife certain real estate, which is described in the bill, for the purpose of hindering and delaying his creditors, etc., and praying that said conveyance be set aside and the property be subjected to the payment of his debt. Copy of the bill and subpœna to answer were

issued and served before any other bill was filed. An attachment was also prayed for and issued, specific in its description of the property, but without any fiat by a chancellor or judge. Cobb was not a judgment creditor when his bill was filed.

On the 15th of October, 1860, and subsequent to service of subpœna in Cobb's case, Geo. Brooks filed his bill, under the same sections of the Code, against Gibson and wife, alleging a fraudulent conveyance, and praying that the same be set aside, etc. Brooks obtained an attachment upon the fiat of a judge, which was issued and levied upon the said property.

In 1868, one of the lots described in these bills was sold under the proceedings instituted by Cobb, he becoming the purchaser thereof. Afterwards, he sold the same to R. C. Bateman.

In 1873, Brooks having died, his administrator filed his amended and supplemental bill, making Mrs. Bateman a party, and claiming priority over Cobb, and Mrs. Bateman as purchaser of him, for satisfaction of his debt out of the lot purchased by her, upon the ground that the attachment issued and levied on said lot in September, 1860, upon the prayer of Cobb's bill, was void because issued without the fiat of a judge, and that no lien existed in favor of Cobb on said lot when Brooks' attachment was levied upon it, and he had therefore the prior lien, and right to have the proceeds of said it applied to the payment of his debt.

Mrs. Bateman demurred to this bill, insisting that Cobb had a lien by the filing of his bill, etc , with-

out issuance and levy of attachment. The chancellor overruled the demurrer, and Mrs. Bateman has appealed to this court.

The question for decision is, whether Cobb, by filing his bill, in which the property was described which he sought to subject to the payment of his debts, and by service of process on defendants, before any other bill was filed or any attachment issued to subject the same property to Brooks' debt, acquired a prior right to Brooks to satisfaction of his debt out of said property.

Both parties claim to have filed their bills under secs. 4288 to 4291 inclusive. But for Brooks' administrator it is insisted, that while the filing of the bill alone would be sufficient as against the fraudulent vendor and vendee, yet, to secure a lien as against other creditors, an attachment, regularly issued and levied, is essential. The sections cited provide, in substance, that any creditor may file a bill, without having obtained a judgment, to set aside fraudulent conveyances of property; and that writs of attachment and injunction "may be granted" on complainants giving bond, etc. And sec. 4291 declares that the court has the same power and jurisdiction, *in all respects,* to set aside fraudulent conveyances, and to subject the property, by sale or otherwise, to the payment of debts, as if the creditor had obtained judgment, and execution thereon had been returned unsatisfied.

We have had the case very elaborately and well argued, and numerous authorities cited to sustain his side of the question by each of the counsel. With-

18—VOL. 7.

out undertaking to discuss and comment upon all the aspects in which the questions submitted are presented, we are content to say, that before the passage of the sections of the Code referred to, it was held by this court that a judgment creditor who had execution issued, which was returned *nulla bona*, by filing his bill and on service of process to set aside a fraudulent conveyance of specific property, acquired a lien thereon, with the right to have it subjected to the satisfaction of his debt: *Peacock* v. *Tompkins*, Meigs R., 317. And the same principle is laid down in Bump. on Fraud. Conveyances, 552, citing numerous authorities to sustain the proposition.

Sec. 4291, Act of 1851–2, gives the chancery court the same power and jurisdiction to set aside fraudulent conveyances, and to subject the property to payment of debts in favor of creditors not having judgments, as if such creditor had obtained judgment, and had execution issued and returned *nulla bona*. And such has been the construction of the act by this court, in *August & Bing* v. *Seeskind et al.*, 6 Cold., 166. And it was held in that case that a lien was obtained by the filing of the bill binding the property sought to be subjected wherever found, and that neither the jurisdiction of the court nor the lien of complainant depended upon levy of attachment.

The attachment may issue in such case, but it is not essential that it should. The subpœna brings the party into court, and the attachment is ancillary, and to be resorted to for the protection of the property, and to have it in the custody of the court so that

it may be subjected to payment of the debt. And in 1 Lea, 71, Judge Freeman, delivering the opinion of the court, says the bill filed in this case fixed a lien or charge upon the property independent of the attachment. He adds: "The bill being filed to reach and appropriate the specific property mentioned in it to the complainant's debts, fixed the charge effectually upon that property."

We hold, therefore, that the chancellor erred in overruling the demurrer, and his decree will be reversed. The demurrer will be sustained, and the supplemental and amended bill of complainant, administrator of Brooks, will be dismissed with costs.